## SHELL'S CITY, Inc. v. FLORIDA BOARD OF PHARMACY.
### No. 61 C 4533.

Circuit Court, Dade County.
July 11, 1961.

Milton M. Ferrell and J. M. Flowers, both of Miami, for plaintiff.

Richard W. Ervin, Attorney General, and Leonard R. Mellon, Ass't. Attorney General, for defendants.

Arnold A. Ross of Ross, Reinhardt & Preddy, Miami, for Florida State Pharmaceutical Association.

PAT CANNON, Circuit Judge.

*Summary final decree:* The above cause became at issue upon the complaint of the plaintiff and the answer of the defendants thereto. The same came on to be heard upon motion of the plaintiff for a summary decree, and petition of Florida State Pharma-

ceutical Association to intervene. All parties were represented by counsel at the hearing before the court. The court having heard the argument of counsel for the plaintiff, for the defendants and for said petitioner to intervene, and being fully advised in the premises it is ordered, adjudged and decreed —

That said petition to intervene be, and the same is hereby denied. That permission was granted to the petitioner, Florida State Pharmaceutical Association, to appear in the cause amicus curiae, not as a party. That the petitioner exercised its right to so appear in the cause forthwith, and proceeded, through its counsel to orally argue the motion for summary decree in favor of the defendants, after having refused the offer of the court to permit the petitioner further time within which to file, as amicus curiae, its brief in the cause.

That the pleadings in this cause show that there is no genuine issue of material fact; and that the motion of the plaintiff, Shell's City, Inc., for a summary decree be, and the same is hereby granted.

That rule 2, passed by the Florida Board of Pharmacy on August 27, 1958, prohibiting the advertisement of the name or price of prescription drugs and products be, and the same is hereby declared to be unconstitutional and void as violating section 12 of the Declaration of Rights of the Florida constitution and the 14th amendment to the constitution of the United States.

That section 465.20, Florida Statutes, insofar as the same limits the time within which an appeal may be taken by any person aggrieved by any rule of the Florida Pharmacy Board, and prescribes the procedure for such an appeal be, and the same is hereby declared to be unconstitutional and void as violating the above mentioned due process clauses of the constitution of Florida and the constitution of the United States, as violating article 5, section 6, of the constitution of Florida, and as violating article 5, section 3, of the said constitution granting to the Supreme Court of Florida the exclusive power to govern practice and procedure in all courts of the state of Florida.

That the temporary injunction heretofore entered in this cause on the 28th day of April, 1961, be, and the same is hereby made a permanent injunction, and that the defendants, Florida Board of Pharmacy be, and they are hereby enjoined and restrained from enforcing or attempting to enforce said rule 2, passed on the 27th day of August, 1958, prohibiting the advertisement of the name or price of prescription drugs or products as against the plaintiff, Shell's City, Inc., a Florida corporation.